AO 245B (Rev. 09/17)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Yehuda Rubin | Case Number:  14 CR 00741 (KMK) |
| | USM Number:  71651-054 |
| | Susan R. Necheles, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)  2

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Make False Statements to Lenders | 2014 | 2 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)  any open or pending  ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 27, 2017
Date of Imposition of Judgment

Signature of Judge

Hon. Kenneth M. Karas, U S D J
Name and Title of Judge

12/5/17
Date

AO 245B (Rev  09/17)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page    2    of    8

DEFENDANT:         Yehuda Rubin
CASE NUMBER:       14 CR 00741 (KMK)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

18 months.  The Defendant has been advised of his right to appeal.

X   The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the Defendant be designated to Otisville.

☐   The defendant is remanded to the custody of the United States Marshal.

X   The defendant shall surrender to the United States Marshal for this district:

    X   at          12:00        ☐   a.m.   X   p.m.   on   January 2, 2018         .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on                    .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on                               to                                 

at                                , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

Judgment—Page   3    of    8

DEFENDANT:          Yehuda Rubin
CASE NUMBER:        14 CR 00741 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

2 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from
   imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   X The above drug testing condition is suspended, based on the court's determination that you

   pose a low risk of future substance abuse. *(check if applicable)*

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
   restitution. *(check if applicable)*
5. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as
   directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
   reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B (Rev 09/17)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | Judgment—Page _ _ 4 _ _ _ of _____ 8 |
|---|---|---|

DEFENDANT:        Yehuda Rubin
CASE NUMBER:      14 CR 00741 (KMK)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  ___  .  ___  ___  ___  ___  ___  | ___        Date  ___ _ _  ___  ___  ___

Case 7:14-cr-00741-KMK   Document 501   Filed 12/12/17   Page 5 of 13

DEFENDANT:        Yehuda Rubin
CASE NUMBER:      14 CR 00741 (KMK)

## SPECIAL CONDITIONS OF SUPERVISION

It is recommended that the Defendant is to be supervised by the district of residence.

The Defendant will provide the Probation Officer with access to any and all requested financial information.

The Defendant will not incur any new credit charges or open additional lines of credit without the approval of the Probation Officer unless the Defendant is in compliance with the installment payment schedule.

AO 245B (Rev. 09/17)    Case 7:14-cr-00741-KMK    Document 501    Filed 12/12/17    Page 6 of 13
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6    of  8

DEFENDANT:          Yehuda Rubin
CASE NUMBER:        14 CR 00741 (KMK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 10,000 | $ |

☒ The determination of restitution is deferred until _1/31/18_ An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | | |

☐ Restitution amount ordered pursuant to plea agreement  $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:          **Yehuda Rubin**
CASE NUMBER:        **14 CR 00741 (KMK)**

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

If the Defendant is engaged in a BOP non-UNICOR work program, the Defendant shall pay $25.00 per quarter toward the criminal financial penalties. However, if the Defendant participates in the BOP's Unicor program as a grade 1-4, the Defendant shall pay 50% of his monthly Unicor earnings toward the criminal financial penalties, consistent with BOP regulations at 28CFR 545.11.

The financial penalties shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after the date of the judgment or the release from custody if imprisonment is imposed.

The Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Judgment — Page __8__ of 8

DEFENDANT: Yehuda Rubin
CASE NUMBER: 14 CR 00741 (KMK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
     term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
     See Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     -v.-

YEHUDA RUBIN,
    a/k/a "Yidel Rubin,"

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CONSENT PRELIMINARY ORDER OF
FORFEITURE/MONEY JUDGMENT**

14 Cr. 741 (KMK)

WHEREAS, on November 13, 2014, YEHUDA RUBIN, a/k/a "Yidel Rubin" (the

"Defendant"), and others, was charged in a twenty-one count Indictment, 14 Cr. 741 (KMK) (the

"Indictment"), with conspiracy to commit bank fraud and wire fraud, in violation of Title 18,

United States Code, Section 1349 (Count One); conspiracy to make false statements to lenders, in

violation of Title 18, United States Code, Section 371 (Count Two); bank fraud, in violation of

Title 18, United States Code, Sections 1344 and 2 (Counts Three through Seven, Nine and Ten);

false statements to lenders, in violation of Title 18, United States Code, Sections 1014 and 2

(Counts Twelve through Fourteen); and theft of public money, in violation of Title 18, United

States Code, Sections 641 and 2 (Count Seventeen) ;

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and

Two of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c), the forfeiture of all property, real and personal,

which constitutes or is derived from proceeds traceable to the commission of the offenses charged

in Counts One and Two of the Indictment, including, but not limited to, a sum of United States

currency equal to at least $21,377,000 in United States currency, representing the amount of

proceeds obtained as a result of the offenses charged in Counts One and Two of the Indictment, and all right, title and interest in various specific properties;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three through Eleven of the Indictment seeking, pursuant to Title 18, United States Code. Section 982(a)(2), the forfeiture of, including, but not limited to, a sum of United States currency equal to at least $3,088,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts Three through Eleven of the Indictment, and all right, title and interest in various specific properties;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Twelve through Fifteen of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the forfeiture of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Twelve through Fifteen of the Indictment, including, but not limited to, a sum of United States currency equal to at least $1,435,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts Twelve through Fifteen of the Indictment, and all right, title and interest in various specific properties;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Seventeen through Twenty-One of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the forfeiture of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Seventeen through Twenty-One of the Indictment;

WHEREAS, on February 13, 2017, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted

2

the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $1,219,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and

WHEREAS, the Defendant consents to the entry of a money judgment, pursuant to Title 18, United States Code, Section 981(a)(1)(C), in the amount of $1,219,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Benjamin Allee, of counsel, and the Defendant, and her counsel, Susan Necheles, Esq., that:

1.    As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,219,000 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, YEHUDA RUBIN, a/k/a "Yidel Rubin," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New

3

York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

4.     Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on·the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7.     The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Sarah K. Eddy, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

4

8. The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____                    $\cancel{d}$ /13/17
      BENJAMIN ALLEE                                            DATE
      Assistant United States Attorney
      300 Quarropas Street
      White Plains, New York 10601
      Tel.: (914) 993-1962

YEHUDA RUBIN
DEFENDANT

By: _____                    2/13/17
      YEHUDA RUBIN                                            DATE

By: _____                    2/13/17
      SUSAN NECHELES, ESQ.                               DATE
      Attorney for Defendant
      Hafetz Necheles LLP
      10 E. 40th Street, 48th Floor
      New York, New York 10016
      Tel.: (212) 997-7400

SO ORDERED:

_____                          11/27/17
HONORABLE KENNETH M. KARAS                    DATE
UNITED STATES DISTRICT JUDGE

5